## CARADINE v. WACO YELLOW CAB & TRANSFER CO.

### No. 2272.

Court of Civil Appeals of Texas. Waco.

Jan. 30, 1941.

Rehearing Denied March 6, 1941.

J. W. Spivey and F. A. Craven, both of Waco, for plaintiff in error.

Stansell Bryan, of Waco, for defendant in error.

HALE, Justice.

Plaintiff in error, Mal Caradine, sued defendant in error, Waco Yellow Cab & Transfer Company in the Justice Court for the sum of $132, claimed to be due him on account of labor performed, and for $20 attorney's fees. Plaintiff recovered judgment in the Justice Court for $62.50, from which judgment defendant appealed to the County Court, where the case was tried before the court without a jury and resulted in a judgment in favor of defendant, and from which plaintiff has sued out writ of error to this court.

The transcript of the proceedings in the trial court does not show the pleadings of the parties, or any findings of fact or conclusions of law, or request therefor, or any motion for new trial. Only three assignments of error are contained in plaintiff in error's brief, viz: (1) The court erred in not rendering judgment for plaintiff for the sum of $94, on account of salary earned from June 19, 1937, to December 11, 1937; (2) the court erred in not rendering judgment for plaintiff for the sum of $40, on account of salary earned from December 12, 1937, to April 30, 1938; and (3) the court erred in not rendering judgment in favor of plaintiff for $20, attorney's fees sued for.

Under the state of the record, we must presume that the trial court, in a proper exercise of the judicial powers vested in it, resolved every issuable fact in the case against the contentions of the plaintiff and in support of the judgment rendered. Therefore, if, under any reasonable theory of pleadings, there was any issue of fact tendered by the evidence which was necessary and essential to support the

recovery sought or that would constitute a defense to the cause of action which might have been alleged, it would be our duty to overrule the assignments urged and to affirm the judgment of the trial court.

We have carefully examined the statement of facts, from which it appears that the plaintiff and four agents or employees of the defendant testified in the case. There was evidence to the effect that plaintiff was on and prior to June 19, 1937, in the employ of defendant under a verbal contract of hire, by the terms of which plaintiff was receiving a salary of $12 per week; that on June 19, 1937, defendant prepared and submitted to its employees a written proposal as follows:

"Being faced with a shortage in the available cash with which to pay salaries and expenses, we have decided rather than to cut salaries or commissions, we are going to offer you the alternative of accepting part of your salary in cash and part of it in payment of a share of stock in our company, Waco Yellow Cab & Transfer Company, a company incorporated under the laws of Texas. We would want to and do reserve the option to repurchase this stock at 100 cents on the dollar at any time the company finance will permit. We feel sure this condition we mention will not continue more than ninety days, at which time any employee who desires may receive all or as much of his current earnings as he desires."

There was evidence that plaintiff accepted the written proposal aforesaid and from June 19th to September 19, 1937, the defendant paid to plaintiff each week the sum of $7 in cash and issued to plaintiff a receipt for $5 to apply on the purchase of company stock; that from September 20th down to December 11, 1937, weekly payments were made in cash to plaintiff of $10 per week and receipts issued each week for $2 to apply on the purchase of company stock; that thereafter plaintiff received $10 each week until the time he was discharged on April 30, 1938, without any receipts being issued to apply on the purchase of company stock. There was evidence sufficient to sustain a legal inference to the effect that the defendant had tendered to plaintiff a certificate of its stock in discharge of its obligation on the receipts which it had issued for the purchase of the company stock, and that the salary to be paid to plaintiff for his services from and after December 11, 1937, was to be only the sum of $10 per week.

Without attempting to set forth in further detail the evidence in the case, we are of the opinion that the same was amply sufficient to tender issues of fact determinative of liability and to sustain the implied findings of the trial court in support of its judgment denying to the plaintiff any recovery herein. Therefore, each of the assignments of error presented is overruled and the judgment of the trial court is affirmed.